

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TA'MARR ELLERBE, #12003549,

                        Plaintiff,

    -against-

NASSAU COUNTY CORRECTIONAL FACILITY,
SHERIFF MICHAEL SPOSATO, WARDEN JOHN
DOE, SUPERINTENDENT JOHN DOE, CORPORAL
GIGGOGLEY, OFFICER GROSS, BADGE #573,
OFFICER DONALD, BADGE #2910 and OFFICER
INCAMMICIA, BADGE # 2723,

                       Defendants.
------------------------------------------------------------X

**ORDER**
13-CV-00797(SJF)(GRB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  OCT 22 2013  ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

On February 6, 2013, incarcerated *pro se* plaintiff Ta'Marr Ellerbe ("plaintiff") filed a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Nassau County Correctional Facility ("NCCC"); Sheriff Michael Sposato ("Sposato"); Warden "John Doe" ("Warden"); Superintendent "John Doe" ("Superintendent"); Corporal Giggogley ("Cpl. Giggogley"); Officer Gross, Badge # 573 ("Officer Gross"); Officer Donald, Badge # 2910 ("Officer Donald"); and Officer Incammicia, Badge # 2723 ("Officer Incammicia") (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*. By order dated May 15, 2013: (1) plaintiff's application to proceed *in forma pauperis* was granted; (2) plaintiff's claims against the NCCC (a) were dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief, and (b) were construed to be claims against the County of Nassau ("the County"); (3) plaintiff's claims against Sposato, the Warden and the Superintendent, as well as his claims as construed to be against the County,

1

were dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief, provided that plaintiff file an amended complaint re-pleading his claims against those defendants on or before June 18, 2013; and (4) plaintiff was advised that if he failed to file an amended complaint in accordance with that Order, his claims against Sposato, the Warden and the Superintendent, as well as his claims as construed to be against the County, would be deemed dismissed with prejudice and judgment would be entered in favor of those defendants. On May 22, 2013, the Clerk of the Court served notice of entry of the May 15, 2013 order upon plaintiff by mailing a copy thereof to him at his address of record, i.e., the NCCC, located at 100 Carman Avenue, East Meadow, New York 11554. That mailing was returned to the Court as undeliverable on June 13, 2013, with the notation that plaintiff has been discharged. (Doc. No. 12). All subsequent mail sent by the Court to plaintiff at his address of record, including a scheduling order issued by the Honorable Gary R. Brown, United States Magistrate Judge, on July 29, 2013 and a notice that a pretrial conference has been scheduled before me on May 6, 2014, has likewise been returned to the Court as undeliverable. (See Doc. Nos. 20 and 21). Since the filing of this action, plaintiff has not taken any steps to prosecute it, or to otherwise communicate with the Court; has not filed a notice of change of address in this case; and has not apprised the Court of his current whereabouts or contact information.

"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" Alomar v. Recard, No. 07-CV-5654, 2010 WL 451047, at * 2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at * 5 (S.D.N.Y. Nov. 20, 1996)); see also Hayes v. Shield, No. 11 Civ. 3714, 2012 WL 3114843, at * 1 (S.D.N.Y. July 5, 2012), report and recommendation adopted by 2012 WL 3115798 (S.D.N.Y. Aug. 1, 2012); Ackridge v. Martinez, No. 09 Civ. 10400, 2011 WL 5865265, at * 3 (S.D.N.Y.

2

Nov. 22, 2011) ("[W]hen a party changes addresses, it is his obligation to notify the court of his new address."). This action cannot proceed at all unless the Court and defense counsel are able to contact plaintiff to, *inter alia*, arrange conferences; obtain discovery; serve motions and orders; and schedule trial. See, e.g. Grace v. New York, No. 10 Civ. 3853, 2010 WL 3489574, at * 2 (S.D.N.Y. Sept. 7, 2010), report and recommendation adopted by 2010 WL 4026060 (S.D.N.Y. Oct. 14, 2010) (finding that the case "cannot proceed without [the *pro se* plaintiff's] participation, [because] he has provided no method by which the Court can inform him of his obligations in th[e] case or its outcome."); United States ex rel. Roundtree v. Health and Hospitals Police Dept. of New York, No. 06 Civ. 212, 2007 WL 1428428, at * 1, 2 (S.D.N.Y. May 14, 2007) (holding that "defendants are at a severe disadvantage in not knowing the address of the pro se litigant who has brought suit against them."); Coleman v. Doe, No. 05-cv-5849, 2006 WL 2357846, at * 3 (E.D.N.Y. Aug. 14, 2006) ("To require defendants to move forward would be impossible without plaintiff's participation.") "When a pro se litigant fails to provide the Court with notice of a change of address, the Court may dismiss the litigant's claims." Bernard v. Romen, No. 11 cv 6346, 2012 WL 6594622, at * 2 (E.D.N.Y. Oct. 15, 2012), report and recommendation adopted by 2012 WL 6594525 (E.D.N.Y. Dec. 18, 2012); see also Grace, 2010 WL 3489574, at * 2 ("[D]ismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached.")

Accordingly, plaintiff is directed to file an affidavit **on or before November 4, 2013** providing the Court with a new address and telephone number at which he can be contacted during the course of this litigation.

**PLAINTIFF IS ADVISED THAT HIS FAILURE TO COMPLY WITH THIS ORDER, OR TO TAKE ANY STEPS TO PROSECUTE THIS ACTION, WILL RESULT IN THIS ACTION BEING DISMISSED WITH PREJUDICE PURSUANT TO RULES 37(b)(2)(A)(v) AND 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Plaintiff's time to file an amended complaint in accordance with the May 15, 2013 order is extended until November 4, 2013. Should plaintiff file an affidavit providing the Court with new contact information in accordance with this Order, **plaintiff is advised that his claims against Sposato, the Warden and the Superintendent, as well as his claims as construed to be against the County, will nonetheless be dismissed with prejudice, and judgment will be entered in favor of those defendants, if he fails to file an amended complaint in accordance with the May 15, 2013 order on or before November 4, 2013.**

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**  s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: Central Islip, New York
October 2, 2013