UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TA'MARR ELLERBE, #12003549,

                Plaintiff,

-against-

NASSAU COUNTY CORRECTIONAL FACILITY,
SHERIFF MICHAEL SPOSATO, WARDEN JOHN
DOE, SUPERINTENDENT JOHN DOE, CORPORAL
GIGGOGLEY, OFFICER GROSS, BADGE #573,
OFFICER DONALD, BADGE #2910 and OFFICER
INCAMMICIA, BADGE # 2723,

                Defendants.
-----------------------------------------------------------------X

**ORDER**
13-CV-00797(SJF)(GRB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ NOV 06 2013 ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

On February 6, 2013, incarcerated *pro se* plaintiff Ta'Marr Ellerbe ("plaintiff") filed a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Nassau County Correctional Facility ("NCCC"); Sheriff Michael Sposato ("Sposato"); Warden "John Doe" ("Warden"); Superintendent "John Doe" ("Superintendent"); Corporal Giggogley ("Cpl. Giggogley"); Officer Gross, Badge # 573 ("Officer Gross"); Officer Donald, Badge # 2910 ("Officer Donald"); and Officer Incammicia, Badge # 2723 ("Officer Incammicia") (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*. By order dated May 15, 2013: (1) plaintiff's application to proceed *in forma pauperis* was granted; (2) plaintiff's claims against the NCCC (a) were dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief, and (b) were construed to be claims against the County of Nassau ("the County"); (3) plaintiff's claims against Sposato, the Warden and the Superintendent, as well as his claims as construed to be against the County, were dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for

failure to state a claim for relief, provided that plaintiff file an amended complaint re-pleading his claims against those defendants on or before June 18, 2013; and (4) plaintiff was advised that if he failed to file an amended complaint in accordance with that Order, his claims against Sposato, the Warden and the Superintendent, as well as his claims as construed to be against the County, would be deemed dismissed with prejudice and judgment would be entered in favor of those defendants.

On May 22, 2013, the Clerk of the Court served notice of entry of the May 15, 2013 order upon plaintiff by mailing a copy thereof to him at his address of record, i.e., the NCCC, located at 100 Carman Avenue, East Meadow, New York 11554. That mailing was returned to the Court as undeliverable on June 13, 2013, with the notation that plaintiff has been discharged. (Doc. No. 12). All subsequent mail sent by the Court to plaintiff at his address of record, including a scheduling order issued by the Honorable Gary R. Brown, United States Magistrate Judge, on July 29, 2013 and a notice that a pretrial conference has been scheduled before me on May 6, 2014, was likewise returned to the Court as undeliverable. (See Doc. Nos. 20 and 21). Accordingly, by order dated October 2, 2013, *inter alia*, plaintiff (1) was directed to file an affidavit on or before November 4, 2013, providing the Court with a new address and telephone number at which he can be contacted during the course of this litigation; and (2) was advised that his failure to comply with the October 2, 2013 order, or to take any other steps to prosecute this action, would result in this action being dismissed with prejudice pursuant to Rules 37(b)(2)(A)(v) and 41(b) of the Federal Rules of Civil Procedure.

On October 3, 2013, the Clerk of the Court served notice of entry of the October 2, 2013 order upon plaintiff by mailing a copy thereof to him at his address of record, i.e., the NCCC, located at 100 Carman Avenue, East Meadow, New York 11554. As with all previous mail sent

to plaintiff at his address of record, that mailing was returned to the Court as undeliverable, with the notation that plaintiff has been discharged. (Doc. No. 23).

Since, *inter alia*, plaintiff has not taken any steps to prosecute this action, or to otherwise communicate with the Court; has not filed a notice of change of address in this case; has not apprised the Court of his current whereabouts or contact information; and has not complied with the orders of this Court, the complaint is dismissed with prejudice pursuant to Rules 37(b)(2)(A)(v) and 41(b) of the Federal Rules of Civil Procedure.

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein

───────────────────────
Sandra J. Feuerstein
United States District Judge

Dated: Central Islip, New York
       November 6, 2013